IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RAKEIM HILLSMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-025 |
| | ) | |
| UNNAMED DEFENDANTS, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

According to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed *in forma pauperis* ("IFP"). If a party fails to satisfy these criteria, "the Clerk shall mark the complaint as to the date filed and promptly give notice of the omission to the filing party. Failure to comply within twenty-one (21) calendar days of the date that notice is served by the Clerk may result in dismissal by the Court." Loc. R. 4.1(1). On March 9, 2020, Plaintiff, an inmate at Wheeler Correctional Facility ("WCF") in Alamo Georgia, submitted a one-page document to the Clerk of Court in the Northern District of Georgia, docketed as a "complaint." (Doc. no. 1.) Plaintiff did not submit the appropriate filing fee or a request to proceed *in forma pauperis* ("IFP").

On March 30, 2020, United States Magistrate Judge Regina D. Cannon transferred the case to the Dublin Division of the Southern District of Georgia because all the events described in the complaint allegedly occurred at WCF, within the Dublin Division of this District. (Doc. no. 3.) On the same day and upon opening the case in the Southern District, the Clerk sent

Plaintiff a deficiency notice concerning the need for an IFP motion or payment of the filing fee, as is required by Local Rule 4.1.  (See doc. no. 6.)  On April 8, 2020, the Court was informed the Clerk's deficiency notice was returned as undeliverable.  (Doc. no. 7.)

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

Plaintiff's failure to comply with the filing requirements of the Local Rules and keep the Court informed of his address saddles the Court with a stagnant case in which no communication with Plaintiff seems possible.  Indeed, the Clerk of Court attempted to inform Plaintiff he must either pay the full filing fee or file a motion to proceed IFP to proceed with this case, but because his address is not current, the Court has no way of communicating Plaintiff's filing deficiency.  (See doc. no. 6.)  This is precisely the type of neglect contemplated by the Local Rules.  The Court also finds that the imposition of monetary sanctions is not a feasible sanction because no portion of the filing fee has been paid. Therefore, dismissal for want of prosecution is appropriate.  Accordingly, the Court

**REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of April, 2020, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA